**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIKA BUIE,** | : | **Civil Action No.** |
| **94 Sparks Street** | : | |
| **Philadelphia, PA 19120** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **365 HOME HEALTH SERVICES, LLC,** | : | |
| **301 City Avenue, Suite 300** | : | |
| **Bala Cynwyd, PA 19004** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Erika Buie (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against 365 Home Health Services, LLC (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant 365 Home Health Services, LLC is a home

healthcare provider with a location and corporate headquarters located at 301 City Avenue, Suite 300, Bala Cynwyd, PA 19004.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## **JURISDICTION AND VENUE**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA and PHRA.

15. On or about July 11, 2025, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-07947 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated January 15, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. In or around 2021, Defendant hired Plaintiff.

23. The final position that Plaintiff held was Home Health Aide.

24. Plaintiff was well qualified for her position and performed well.

25. Prior to 2025, Defendant did not offer Plaintiff any benefits or Paid-Time Off ("PTO") as part of her employment with Defendant.

### PLAINTIFF NOTIFIED DEFENDANT OF HER DISABILITY AND MEDICAL LEAVE OF ABSENCE

26. In or around early March 2025, Plaintiff notified Matt McDermott, Manager, that she would be having appendectomy surgery on or about March 14, 2025, due to appendicitis.

27. Appendicitis is a serious health condition that is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

28. The major life activities affected by appendicitis, include, but are not limited to, working, eating and digestive function.

4

29. Plaintiff informed McDermott that her doctor would be placing her on a medical leave of absence to recover from her surgery for approximately three (3) to four (4) weeks.

## MCDERMOTT APPROVED PLAINTIFF'S REQUESTED MEDICAL LEAVE, BUT DID NOT INSTRUCT HER TO FILL OUT ANY PAPERWORK RELATED TO HER MEDICAL LEAVE

30. McDermott approved Plaintiff's request for a medical leave of absence.

31. However, McDermott did not instruct Plaintiff to complete any formal Family and Medical Leave Act ("FMLA"), ADA or Short-Term Disability ("STD") medical leave or disability accommodation request paperwork.

## PLAINTIFF HAD HER SURGERY AND WAS PLACED ON AN MEDICAL LEAVE OF ABSENCE

32. On or about March 14, 2025, Plaintiff underwent appendectomy surgery at Mercy Fitzgerald Hospital as scheduled.

33. Dr. John G. Fernandez, Doctor, immediately placed Plaintiff on a medical leave, as needed, to recover from her surgery.

## DR. FERNANDEZ CLEARED PLAINTIFF TO RETURN TO WORK ON APRIL 24, 2025, WITH A FIVE (5) LBS. LIFTING RESTRICTION

34. On or about March 25, 2025, Dr. Fernandez examined Plaintiff.

35. Dr. Fernandez wrote Plaintiff a doctor's note that placed her on a medical leave of absence until on or about April 24, 2025, with the medical restrictions of no lifting over five (5) lbs.

## PLAINTIFF NOTIFIED MCDERMOTT OF HER RETURN-TO-WORK DATE AND REQUESTED ACCOMMODATION

36. Plaintiff sent Dr. Fernandez's note to McDermott via email.

37. McDermott responded that Defendant was fine with Plaintiff's requested medical accommodation.

## DEFENDANT TERMINATED PLAINTIFF WHEN SHE RETURNED FROM HER MEDICAL LEAVE

38. However, on or about April 25, 2025, Plaintiff went to Defendant's office to return to work on her first day since her medical leave of absence.

39. Upon arriving at Defendant, McDermott abruptly terminated Plaintiff's employment.

40. McDermott claimed that the reason for her termination was that Plaintiff's client no longer wanted Plaintiff to work with them.

41. However, during her medical leave of absence, Plaintiff's client had left Plaintiff messages asking when she would be returning to Defendant and asking Plaintiff about how her surgery went.

42. Shortly thereafter, Ella Plitman, Manager of Branch Operations, emailed Plaintiff that she had been terminated effective April 2, 2025.

43. The letter stated that Plaintiff was terminated effective April 2, 2025, due to an alleged policy violation.

44. However, Plaintiff had not received any write ups or disciplines prior to her termination.

45. Defendant discriminated against Plaintiff due to her disability, failed to accommodate her and retaliated against her for taking a medical leave of absence and requesting a reasonable accommodation in violation of the ADA and the PHRA.

46. In addition, Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her for taking a medical leave of absence that was qualified under the FMLA.

47. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**<u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>**

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

50. Plaintiff was qualified to perform the job.

51. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

52. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

53. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

54. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

55. The purported reason for Defendant's decision is pretextual.

56. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

57. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

7

59. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

62. Plaintiff was qualified to perform the job.

63. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

64. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

65. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

66. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by the ADA.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

75. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. Plaintiff engaged in activity protected by the PHRA.

9

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – INTERFERENCE
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

82. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

83. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

84. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

85. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

86. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation,

loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

87. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

88. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT VI – RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

89. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

90. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

91. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical condition.

92. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

93. The retaliation occurred in the form of the continued implementation of a policy that

discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

94. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

95. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

96. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

97. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

98. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

99. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against

Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Erika Buie, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Emotional pain and suffering;

(d)    Reasonable attorneys' fees;

(e)    Recoverable costs;

(f)    Pre and post judgment interest;

(g)    An allowance to compensate for negative tax consequences;

(h)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the FMLA.

(i)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which provide equal employment opportunities;

(j)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 30, 2026

By: */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

14